## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEONARD ENGLISH, JR.,<br>    Appellant, | DOCKET NUMBER<br>DE-1221-16-0484-W-1 |
| v. | |
| SMALL BUSINESS<br>    ADMINISTRATION,<br>    Agency. | DATE: February 3, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leonard English, Jr., Aurora, Colorado, pro se.

Ashley Obando, Esquire, James D. Cantlon, Esquire, and Sherrie Abramowitz, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations,  section 1201.115  (5 C.F.R.  § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant, a Surety Bond Guarantee Specialist, filed this IRA appeal alleging that, in reprisal for his filing of prior Board appeals and his protected disclosures,  the  agency  (1) issued  him  a  level 2  (Below  Expectations) performance rating for fiscal year 2015, (2) charged him with absence without leave (AWOL) from April 22 through May 17, 2016, and (3) failed to include him in his supervisor's "line of succession" (LOS) on March 11, 2016.  Initial Appeal File (IAF), Tab 1 at 2, 5-8, Tab 18.

¶3    After finding Board jurisdiction over the appeal, and based on the written record because the appellant did not request a hearing, the administrative judge denied the appellant's request for corrective action.  IAF, Tab 33, Initial Decision (ID) at 2, 25.   The administrative judge found that the three agency actions described above were personnel actions under 5 U.S.C. § 2302(a)(2)(A) and that the appellant established that his Board appeals, which raised allegations of whistleblower reprisal, were protected activity under 5 U.S.C. § 2302(b)(9)(A)(i)

and a contributing factor in the personnel actions. ID at 6-8. The administrative judge also found that the appellant made three protected disclosures which were contributing factors in the personnel actions but that the agency proved by clear and convincing evidence that it would have taken the same actions, even absent the prior Board appeals and disclosures. ID at 8-18. In this regard, the administrative judge found that the agency's evidence in support of its actions was strong, any motive to retaliate was slight, modest, or not particularly strong, and there was no evidence regarding whether the agency took similar actions against similarly situated employees who were not whistleblowers. ID at 19-25.

**ANALYSIS**

¶4 The appellant asserts that the agency's reasons for placing him on AWOL were not strong because it was reasonable for him to refuse to meet alone with his supervisor, who had accused him of stalking her, and instead leave the workplace. Petition for Review (PFR) File, Tab 3 at 5. He also contends that the reasons for placing him on AWOL were not strong because such placement violated the Master Labor Agreement (MLA), which he claims provided that the agency's senior management, and not his supervisors, should have made the determination as to whether to place him on AWOL. *Id*. at 6-7, 11-12, 19-20.

¶5 The administrative judge addressed the appellant's placement on AWOL in great detail in *English v. Small Business Administration*, MSPB Docket No. DE-0752-16-0485-I-1, Initial Decision at 16-22 (Mar. 7, 2017) (0485 ID), and incorporated those findings into the initial decision in this case. ID at 24. The administrative judge found that the appellant never obtained authorization for the absences in question and that the provisions the appellant cited regarding the MLA did not apply because he did not reasonably believe that the duties assigned to him by his supervisor could possibly endanger his health or safety. 0485 ID at 18-22. We agree with the administrative judge that the agency's reasons for

placing the appellant on AWOL are strong and that the agency did not violate the MLA. Thus, the appellant has shown no error in this regard.

¶6    The appellant also asserts that the administrative judge should have included as an issue in this case his claim that the agency harassed him by issuing letters excluding him from his supervisor's LOS. PFR File, Tab 3 at 7. As set forth above, the administrative judge addressed the appellant's claim that the agency did not include him in the LOS on March 11, 2016, and addressed similar claims involving earlier dates in *English v. Small Business Administration*, MSPB Docket Nos. DE-1221-16-0135-W-1, DE-1221-16-0136-W-1, Initial Decision at 21-24 (June 6, 2016) (0135 ID), in finding, based in part on the demeanor of the appellant's supervisor, that the agency's evidence in support of those decisions was "compelling." 0135 ID at 22-24. The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of the witnesses testifying at a hearing and overturns such determinations only when it has sufficiently sound reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).[2] The administrative judge identified the personnel actions that would be considered in this case, which did not include harassment, IAF, Tab 18 at 1-3, and found that any such allegations made in the appellant's closing brief were untimely raised, ID at 6. The appellant has not shown that the administrative judge erred in not considering this claim. *See* 5 C.F.R. § 1201.59(c).

¶7    The appellant further generally asserts that the administrative judge did not apply the guidelines set forth in *Whitmore v. Department of Labor*, 680 F.3d 1353

[2] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

(Fed. Cir. 2012), for assessing whether an agency has met its burden of proving by clear and convincing evidence that it would have taken the same action in the absence of the protected activity. In this regard, the appellant claims that the administrative judge did not properly account for the absence of evidence that the agency took similar actions against employees who were not whistleblowers, i.e., the third factor set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and incorrectly found that his supervisor, who placed him on AWOL, had no knowledge of his April 24, 2016 letter to senior management officials explaining his decision to "self remove" himself from the workplace based on alleged safety concerns and disclosing time and attendance abuse because she knew of the fact of the disclosure, even if she had not seen or read its contents. PFR File, Tab 3 at 5, 10-11, 17, 28-29, 31-32; ID at 17. He also contends that his supervisor knew of that disclosure because the senior managers who received it likely "talk[ed] to front line managers." PFR File, Tab 3 at 6-8.

¶8        In *Whitmore*, 680 F.3d at 1368, the U.S. Court of Appeals for the Federal Circuit held that, whether evidence is sufficiently clear and convincing to carry an agency's burden of proof cannot be evaluated by looking only at the evidence that supports the conclusion reached; rather, evidence only clearly and convincingly supports a conclusion when it does so in the aggregate, considering all the pertinent evidence in the record and despite the evidence that fairly detracts from that conclusion. On review, the appellant's allegations regarding *Whitmore* appear to be addressed to personnel actions, such as his letter of reprimand and 5-day suspension, that are not relevant to this appeal. PFR File, Tab 3 at 10-11. He has not otherwise shown that considerable countervailing evidence was manifestly ignored, overlooked, or excluded by the administrative judge. *See Whitmore*, 680 F.3d at 1368, 1376.

¶9        In determining whether an agency has shown by clear and convincing evidence that it would have taken the personnel action in the absence of whistleblowing, the Board generally will consider the following factors (*Carr*

factors): (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see Carr*, 185 F.3d at 1323. The appellant contends that the administrative judge incorrectly applied *Whitmore* in analyzing the third *Carr* factor, but we disagree. Although the court in *Whitmore* held that a failure to come forward with all reasonably pertinent evidence relating to *Carr* factor three, to the extent such evidence exists, "may be at the agency's peril" and that an absence of such evidence may well cause the agency to fail to prove its case overall, it also held that agencies do not have an affirmative burden to produce evidence as to each and every one of the three *Carr* factors and that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis." *Whitmore*, 680 F.3d at 1374.

¶10      Here, the administrative judge found no evidence on the issue of whether the agency had taken similar actions against similarly situated employees who were not whistleblowers, and found the factor neutral. ID at 23-25; 0485 ID at 31, 49-50; 0135 ID at 22-24. In fact, the acting officials averred that none of the other employees under their supervision had been AWOL or had attempted to perform a "self-removal" like the appellant, or had a Level 2, Below Expectations rating for fiscal year 2015. IAF, Tab 25 at 14, 42, 45. Thus, there is some evidence presented by the agency suggesting that there were no similarly situated employees who were not whistleblowers and who were treated more favorably than the appellant and that evidence relating to the third *Carr* factor did not, therefore, exist. *See Carr*, 185 F.3d at 1326 (addressing the conduct and circumstances surrounding the conduct in determining whether a comparison employee is similar to the disciplined employee). In sum, we find that the appellant has shown no error in the administrative judge's analysis on this issue.

*Cf. Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015) (finding that a lack of evidence concerning similar employees who were not whistleblowers did not undermine the agency's clear and convincing evidence when the evidence in support of the action was strong and the motive to retaliate was very weak), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016).

¶11      The appellant's arguments regarding the actual or imputed knowledge by his supervisor of the April 24, 2016 disclosure is similarly without merit.  The administrative judge addressed this disclosure in great detail in this case and in *English v. Small Business Administration*, MSPB Docket No. DE-0752-16-0485-I-1.  ID at 9-10, 17-18; 0485 ID at 16, 34-37.  The administrative judge found that this disclosure was made after the performance rating and LOS decisions were made and thus could not have been a contributing factor in those actions.  ID at 9, 17-18; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 27 (2011).  Regarding the appellant's April 22 through May 17, 2016 placement on AWOL, the administrative judge found that the appellant's placement on AWOL already was underway before the April 24, 2016 disclosure and, to the extent that the decision to keep him on AWOL followed his April 24, 2016 letter, his supervisor was not aware that the appellant had made a disclosure of time and attendance abuse in the lengthy 11-page, "seemingly rambling" letter, but merely knew of the letter's existence because she was asked about the appellant's departure and absence from the office based on his claim that his workplace was unsafe.  ID at 9-10, 17-18.

¶12      The appellant has shown no error in the administrative judge's findings regarding the agency's knowledge of the April 24, 2016 disclosure.  An employee may demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action "knew of the disclosure" and the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  5 U.S.C. § 1221(e).

Thus, to prove that a disclosure was a contributing factor in a personnel action, an appellant only need demonstrate that the fact of, or the content of, *the protected disclosure* was one of the factors that tended to affect the personnel action in any way. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015). Here, the administrative judge correctly concluded that, although the appellant's supervisor may have been aware of the fact that the appellant had submitted a letter to senior management explaining why he decided to remove himself from the workplace, the appellant did not show by preponderant evidence that the supervisor also was aware that he had made a disclosure of time and attendance abuse within the lengthy April 24, 2016 letter. ID at 9-10, 17-18; *cf. Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 26 (2015) (finding that knowledge that the appellant had filed an Inspector General complaint constituted awareness of the fact of a disclosure); *Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 13 (2006) (finding the knowledge element of the test was met based on the fact of the disclosure when the deciding official acknowledged receipt of the documents comprising the disclosure, as well as the general nature of the disclosure being made), *superseded on other grounds by statute*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465. Although the appellant speculates that senior managers who received the April 24, 2016 letter told his supervisor about any disclosures included therein, he has not submitted evidence in support of that assertion. *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 15 (2013); *Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005).[3]

---

[3] Even assuming that the appellant's supervisor was aware of the fact that the appellant had submitted a May 24, 2015 prohibited personnel practice complaint with the chief human capital officer, PFR File, Tab 3 at 10; IAF, Tab 27 at 62-80, the supervisor averred that she had not seen the complaint, IAF, Tab 25 at 15, 330 (referencing item 5i), and we would nevertheless find, for the same reasons already set forth by the administrative judge, that the agency proved by clear and convincing evidence that it would have taken the same actions absent the disclosure, ID at 19-25.

¶13      The appellant further asserts that the administrative judge erred when he found that most of his disclosures, which he claims evidenced violations of law and abuses of authority, were not protected.  PFR File, Tab 3 at 6.  Aside from his disagreement with the administrative judge's explained findings, the appellant does not identify the specific disclosures in question that he is challenging, nor does he support his general allegation that his disclosures were protected with any case law.  *See* 5 C.F.R. § 1201.114(b) (requiring a petition for review to be supported by references to applicable laws or regulations and specific references to the record).  Under these circumstances, we find that the appellant has shown no error in the administrative judge's determination that his disclosures were not protected because they were either unspecific allegations of workplace safety issues or otherwise vague allegations that his supervisor was, for example, trying to exert control over him or "volatile."  ID at 12-13, 15, 17.  Moreover, in many of the situations in which the administrative judge found that the appellant's disclosures were not protected, he further found that, even assuming that they were protected, the appellant did not prove that they were a contributing factor in the challenged personnel actions.  ID at 12-14, 16-17.

¶14      Further, the appellant contends that, although the administrative judge found that his prior Board appeals did not provide a strong motive to retaliate because the appellant did not win those appeals, most of those initial decisions are pending review by the full Board.  PFR File, Tab 3 at 10.  The administrative judge found that the appellant's prior Board appeals were a contributing factor in the personnel actions based on the knowledge-timing test.  ID at 6-8.  Nevertheless, he found that, although the acting officials had a motive to retaliate against the appellant based on his Board appeals, they did not have a particularly strong motive to do so because there had been no finding by the administrative judge, the Board, or the Federal Circuit that the acting officials committed any wrongdoing.  ID at 22.  He concluded that, given the strong reasons for the actions and only a modest motive to retaliate, along with the absence of evidence

as to whether the agency took similar actions against similarly situated employees who were not whistleblowers, the agency met its burden of proving by clear and convincing evidence that it would have taken the same actions absent the Board appeals.  ID at 23-25; 0485 ID at 29-32; 0135 ID at 22-24.

¶15      The agency officials who were involved in the personnel actions submitted declarations made under penalty of perjury indicating that the Board appeals had no bearing on their decisions and that they would have taken the same actions in the absence of the Board appeals.  IAF, Tab 25 at 14, 45.  A declaration made under penalty of perjury is entitled to considerable weight unless rebutted. *Vercelli v. U.S. Postal Service*, 70 M.S.P.R. 322, 327 (1996); *see Jones v. Department of the Interior*, 97 M.S.P.R. 282, ¶ 11 (2004) (finding sworn statements made under penalty of perjury to be more persuasive than the unsworn statements and wholly unsubstantiated arguments submitted by the appellant). While we agree with the appellant that his Board appeals are still pending before the full Board, the administrative judge correctly found that, when the personnel actions were taken, no finding had been made of any wrongdoing by the acting officials. *Cf. Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 69 (2001) (holding that the proper perspective when weighing the gravity of the misconduct against the motive to retaliate is the perspective as it appeared to the deciding official when he took the action).  Thus, we find no error in the administrative judge's determination that, although the Board appeals constituted a modest motive to retaliate, they were outweighed under the circumstances of this appeal by the strength of the evidence in support of the actions and that there was no evidence that the agency took similar actions against employees who were not whistleblowers but who were otherwise similarly situated. *See Whitmore*, 680 F.3d at 1374 (holding that an agency does not have an affirmative burden to produce evidence as to each and every one of the three *Carr* factors).

¶16      Finally, the appellant submits with his petition for review his fiscal year 2015 performance appraisal.  PFR File, Tab 3 at 33-46.  This document is already

included in the record.  IAF, Tab 10 at 179-92.  A petition for review should not include documents that were part of the record below, as the entire administrative record is available to the Board.  5 C.F.R. § 1201.114(b).

¶17     Accordingly, we deny the appellant's petition for review.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.